```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-15-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THEODORE SCHROEDER, RENDEZVOO LLC,
SKOOP MEDIA ASSOCIATES, INC.,

                    Plaintiff,

12 Civ. 9413 (PKC)

ORDER

           -against-

BRIAN S. COHEN, et al.,

                    Defendants.
-----------------------------------------------------------x

CASTEL, District Judge:

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte. Though the Amended Complaint is signed by three members of the bar of this Court, the pleading shows little understanding of the requirements to invoke diversity jurisdiction. Defendants' counsel—two sizable law firms—complain of much in their March 14, 2013 letters, including a claimed lack of standing, but defects in the allegations of diversity jurisdiction are not among them.

        The Amended Complaint asserts that this Court has federal subject matter jurisdiction based on complete diversity of citizenship, 28 U.S.C. § 1332(a). (AC ¶ 6.) Section 1332(a) provides that: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Id. Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998).

When a complaint premised upon diversity of citizenship names a limited liability company as a party—as this complaint does in the case of Rendezvoo LLC—the complaint must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entity that is a member of the limited liability company. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)); Strother v. Harte, 171 F.Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.").

For diversity purposes, it is citizenship, not residence, that controls. An individual may be a resident of multiple states but a citizen of only one. Plaintiff fails to allege the citizenship of plaintiff Theodore Schroeder and defendant Brian Cohen. Plaintiff also fails to allege the principal places of business of plaintiff Skoop Media Associates, Inc.

But, as if these four defects were not enough, the plaintiffs also allege that Skoop Media Associates, Inc. is a "private corporation organized under the laws of the State of Delaware" and that defendant Pintrest is a "private corporation organized and existing under the laws of the State of Delaware" (AC ¶¶ 11, 13). Since Strawbridge v. Curtiss, 3 Cranch 267 (U.S. 1806) (Marshall, J.), a precedent more than a hundred years older than plaintiffs' counsel's century-old law firm, it has been settled that complete diversity of citizenship is required. Seeslo Coal Co. v. Blatchford, 78 U.S. 172 (1870). On the face of plaintiffs' own pleading, there is not complete diversity of citizenship.

It is difficult to imagine how three members of the bar of this Court could not understand this requirement. Did they count on the defect going undetected? Were they inattentive

(an exceedingly polite term for a shortcoming commonly described in other words)? I must say that it is also distressing that neither set of defendants' counsel noticed or reported the defect.

When the time and attention of a judge is diverted by reason of a circumstance such as this, it is not the judge who suffers. He or she will still put in a full day of work. But judicial resources are diverted from the needs of an injured plaintiff or indigent defendant in order to attend to lawyers' lapses in fundamental pleading requirements that should be mastered by first-year law students.

By April 2, 2013, plaintiff and plaintiffs' counsel shall show cause in writing why the Amended Complaint ought not be dismissed for lack of subject matter jurisdiction and the lawyers whose names appear as signators on the Amended Complaint sanctioned under Rule 11, Fed. R. Civ. P., and the inherent power of this Court.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 15, 2013